Zach Berne, ABA #1311098
TRUEB BERNE & BEARD, LLP
330 L Street, Suite 101
Anchorage, AK 99501
Phone: (907) 277-0161
Fax: (907) 277-0164
Email: zberne@tbmaritimegroup.com

Attorneys for Plaintiff

TRUEB BERNE & BEARD, LLP
330 L STREET, SUITE 101
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DYLAN JACKSON,<br><br>             Plaintiff,<br><br>    v.<br><br>ELEGANCE LLC and F/V HUKILAU VESSEL LLC<br><br>             Defendants. | No. 3:26-cv-_____<br><br>BROUGHT AT LAW<br><br>PLAINTIFF'S COMPLAINT<br>FOR MARITIME PERSONAL INJURY |

## ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY AND PREPAYMENT OF COSTS (28 U.S.C. § 1916)

Plaintiff Dylan Jackson, through counsel Trueb Berne & Beard, LLP, for his Complaint against ELEGANCE LLC and F/V HUKILAU VESSEL, LLC, alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for maritime personal injuries brought at law against Plaintiff's employer and the owner of the vessel on which Plaintiff served at the time of his injuries. Plaintiff elects to try his claims on the law side of this court before a jury.

Compl. for Maritime Personal Injuries
*Jackson v. Elegance & F/V Hukilau Vessel LLC*               Page 1 of 8

TRUEB BERNE & BEARD, LLP
330 L STREET, SUITE 101
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

2. All events and transactions giving rise to Plaintiff's causes of action arose while Plaintiff was employed by Defendant Elegance LLC as a seaman aboard the commercial fishing vessel F/V HUKILAU, O.N. 1050808 (the "Vessel") while the Vessel was upon navigable waters of Alaska and involved in traditional maritime commerce. Plaintiff's claims against Defendants arise under Section 33 of the Merchant Marine Act of 1920 (46 U.S.C. § 30104, the Jones Act) and under general maritime law.

3. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1333, and/or 46 U.S.C. § 30104 and because Defendant Elegance LLC and Defendant F/V Hukilau Vessel LLC each maintain their principal place of business in Alaska and conduct business in Alaska and given that Plaintiff's injuries and claims arise from Defendants' specific contacts and conduct in Alaska.

4. Venue is proper in this Court because of the location of the accidents giving rise to this action, the location of the parties and witnesses, and the location of evidence related to the accidents.

5. Plaintiff sustained two injuries in separate incidents while employed with Defendant Elegance LLC. The first injury to his left hand occurred on or about April 27, 2023. The second injury to his right hand occurred on or about March 24, 2024. Both claims are therefore timely filed under 46 U.S.C. § 30106.

**PARTIES**

6. Plaintiff realleges and incorporates Paragraphs 1 – 5 as if fully restated.

7. At all times material to this action, Plaintiff is and was a citizen of the United States of America and a resident of Alaska.

Compl. for Maritime Personal Injuries
*Jackson v. Elegance & F/V Hukilau Vessel LLC*                    Page 2 of 8

8. At all times material to this action, Plaintiff was a seaman employed by Defendant Elegance LLC in service of the Vessel.

9. On information and belief, at times material to this action, Defendant Elegance LLC was a business incorporated in the state of Alaska; was licensed in, had its principal place of business in, and did business in the state of Alaska; was Plaintiff's employer; and was the owner, owner pro hac vice, operator, charterer, and/or controller of the Vessel.

10. On information and belief, at times material to this action, Defendant F/V Hukilau Vessel LLC was a business incorporated in the state of Alaska; was licensed in, had its principal place of business in, and did business in the state of Alaska; and was owner, owner pro hac vice, operator, charterer, and/or controller of the Vessel.

## COUNT I: LEFT HAND INJURY

### Left Hand: Claims for Jones Act Negligence and Unseaworthiness

11. Plaintiff realleges and incorporates Paragraphs 1 – 10 as if fully restated.

12. On or before April 27, 2023, Plaintiff was employed as a seaman by Defendant Elegance LLC in service of the Vessel.

13. On or about April 27, 2023, while Plaintiff was performing his duties in service of the Vessel, Plaintiff sustained severe, permanent, and disfiguring injuries while loading bait into the Vessel's fish hold. Fellow crew members worked on deck unloading cases of frozen bait from a pallet and throwing the cases one at a time into the fish hold. At the same time, Plaintiff worked below deck in the fish hold stacking the cases of bait. Without warning, Plaintiff's fellow crew members threw down several cases of frozen bait at the same time. One of the several cases smashed Plaintiff's left hand as he reached to retrieve another case of bait in the fish hold. Plaintiff suffered a fracture to his left index finger requiring surgical repair.

Compl. for Maritime Personal Injuries
*Jackson v. Elegance & F/V Hukilau Vessel LLC*                    Page 3 of 8

TRUEB BERNE & BEARD, LLP
330 L STREET, SUITE 101
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

14. As Plaintiff's vessel employer under the Jones Act, Defendant Elegance LLC had a duty to provide Plaintiff a safe place to work. As the owner, owner pro hac vice, operator, charterer, controller, or manager of the Vessel, Defendant Elegance LLC and/or Defendant F/V Hukilau Vessel LLC had a duty to provide a seaworthy vessel that was reasonably fit for its intended purpose, along with the Vessel's equipment, machinery, fixtures, apparel, gear, appurtenances, and equipment.

15. Defendant Elegance LLC and/or Defendant F/V Hukilau Vessel LLC breached said duties in Paragraph 14 by, without limit, failing to implement, enforce, or provide training on policies and procedures for loading the hold with bait or other supplies; not providing a reasonably safe means of transferring bait to the fish hold; failing to provide training on loading supplies into the fish hold; failing to maintain proper communication among crew members; failing to ensure that Plaintiff received timely and adequate medical care; and other breaches.

16. As a direct cause of Defendant Elegance LLC's Jones Act negligence and Defendant Elegance LLC's and/or Defendant F/V Hukilau Vessel LLC's breach of the warranty of seaworthiness, Plaintiff sustained severe injuries to his left hand and index finger. Plaintiff has suffered and will continue to suffer damages including, but not limited to the following: (a) Plaintiff has been prevented from and may in the future be prevented from pursuing his regular occupation, thereby suffering past lost income, future lost income, and diminished future earning capacity; (b) Plaintiff has experienced and will continue to experience substantial pain, suffering, and loss of enjoyment of life; (c) Plaintiff has and will continue to suffer from disabilities and functional limitations; (d) Plaintiff has and will continue to suffer from emotional distress, mental anguish, anxiety, and other psychological conditions caused by his pain, disfigurement, functional limitations, trauma of his injuries, and financial hardship; (e) Plaintiff has incurred

Compl. for Maritime Personal Injuries
*Jackson v. Elegance & F/V Hukilau Vessel LLC* Page 4 of 8

TRUEB BERNE & BEARD, LLP
330 L STREET, SUITE 101
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

and will in the future incur reasonable and necessary medical expenses, including but not limited to physician fees, medication, medical devices, and lifecare costs; and (f) Plaintiff has suffered and will suffer other damages to be proven more definitely at trial. Plaintiff's damages exceed One Million Dollars ($1,000,000), all in an amount to be proven more definitely at trial.

17. Plaintiff was not comparatively at fault for his left-hand injuries.

### Left Hand: Claims for Maintenance and Cure

18. Plaintiff realleges and incorporates Paragraphs 1 – 17 as if fully restated.

19. A vessel employer owes all seamen who become ill or injured while in service of a vessel the no-fault maritime benefits of maintenance and cure.

20. A vessel employer's duty to provide maintenance and cure is among the most pervasive of all the obligations owed to seamen and is virtually automatic.

21. At all times material to this action, Defendant Elegance LLC was Plaintiff's Jones Act employer and Plaintiff was employed as a Jones Act seaman in service of the Vessel.

22. Defendant Elegance LLC owed and continues to owe Plaintiff a no-fault duty to provide maintenance and cure related to Plaintiff's left-hand injuries suffered in service of the Vessel, including for all future treatment required because of his injuries.

23. Plaintiff claims all past and future maintenance and cure to which he is entitled, all in an amount to be determined at trial.

### COUNT II: RIGHT HAND INJURY

### Right Hand: Claims for Jones act Negligence and Unseaworthiness

24. Plaintiff realleges and incorporates Paragraphs 1 – 23 as if fully restated.

25. On or before March 24, 2024, Plaintiff was employed as a seaman by Defendant Elegance LLC in service of the Vessel.

Compl. for Maritime Personal Injuries
*Jackson v. Elegance & F/V Hukilau Vessel LLC*                 Page 5 of 8

26. On or about March 24, 2024, while Plaintiff was performing his duties in service of the Vessel, Plaintiff sustained severe, permanent, and disfiguring injuries while helping haul in the Vessel's seine net. Plaintiff's injury occurred when the Vessel's master instructed the crew to begin "pursing up" the net. Following this order, Plaintiff ran the purse line through the Vessel's seine winch to begin pursing and hauling in the net. Because a shackle had not been released as required prior to pursing and hauling in the net, the net, cork line, and other gear jammed into a davit at the Vessel's rail, causing Plaintiff's right thumb to be pulled into the seine winch. Plaintiff suffered a severe displaced fracture to his right thumb which eventually required amputation of his thumb.

27. As Plaintiff's vessel employer under the Jones Act, Defendant Elegance LLC had a duty to provide Plaintiff a safe place to work. As the owner, owner pro hac vice, operator, charterer, controller, or manager of the Vessel, Defendant Elegance LLC and/or Defendant F/V Hukilau Vessel LLC had a duty to provide a seaworthy vessel that was reasonably fit for its intended purpose, along with the Vessel's equipment, machinery, fixtures, apparel, gear, appurtenances, and equipment.

28. Defendant Elegance LLC and/or Defendant F/V Hukilau Vessel LLC breached said duties in Paragraph 27 by, without limit, failing to implement, enforce, or provide training on policies and procedures for hauling in the seine net; failing to provide a reasonably safe means of retrieving the seine net; failing to ensure the shackle was released prior to the master ordering the crew to begin pursing the net; failing to provide adequate training on pursing and hauling in the net; failing to maintain proper communication among crew members; failing to ensure that Plaintiff received timely and adequate medical care; and other breaches.

Compl. for Maritime Personal Injuries
*Jackson v. Elegance & F/V Hukilau Vessel LLC*                    Page 6 of 8

TRUEB BERNE & BEARD, LLP
330 L STREET, SUITE 101
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

29. As a direct cause of Defendant Elegance LLC's Jones Act negligence and Defendant Elegance LLC's and/or Defendant F/V Hukilau Vessel LLC's breach of the warranty of seaworthiness, Plaintiff sustained severe injuries to his right hand, right thumb, and other body parts. Plaintiff has suffered and will continue to suffer damages including, but not limited to the following: (a) Plaintiff has been prevented from and may in the future be prevented from pursuing his regular occupation, thereby suffering past lost income, future lost income, and diminished future earning capacity; (b) Plaintiff has experienced and will continue to experience substantial pain, suffering, and loss of enjoyment of life; (c) Plaintiff has and will continue to suffer from disabilities and functional limitations; (d) Plaintiff has and will continue to suffer from emotional distress, mental anguish, anxiety, and other psychological conditions caused by his pain, disfigurement, functional limitations, the trauma of his injuries, and financial hardship; (e) Plaintiff has incurred and will in the future incur reasonable and necessary medical expenses, including but not limited to physician fees, medication, medical devices, and lifecare costs; and (f) Plaintiff has suffered and will suffer other damages to be proven more definitely at trial. Plaintiff's damages exceed Ten Million Dollars ($10,000,000), all in an amount to be proven more definitely at trial.

30. Plaintiff was not comparatively at fault for his right-hand injuries.

### Right Hand: Claims for Maintenance and Cure

31. Plaintiff realleges and incorporates Paragraphs 1 – 30 as if fully restated.

32. A vessel employer owes all seamen who become ill or injured while in service of a vessel the no-fault maritime obligations of maintenance and cure.

33. A vessel employer's duty to provide maintenance, cure, and unearned wages is among the most pervasive of all the obligations owed to seamen and is virtually automatic.

Compl. for Maritime Personal Injuries
*Jackson v. Elegance & F/V Hukilau Vessel LLC*                          Page 7 of 8

TRUEB BERNE & BEARD, LLP
330 L STREET, SUITE 101
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

34. At all times material to this action, Defendant Elegance LLC was Plaintiff's Jones Act employer and Plaintiff was employed as a Jones Act seaman in service of the Vessel.

35. Defendant Elegance LLC owed and continues to owe Plaintiff a no-fault duty to provide maintenance and cure related to Plaintiff's right-hand injuries suffered in service of the Vessel, including for all future treatment required because of his injuries.

36. Plaintiff claims all past and future maintenance and cure to which he is entitled, all in an amount to be determined at trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this Court to hear his just cause of action, that this Court require Defendants to answer his just cause of action, and that he be awarded judgment against Defendants as follows:

1. Plaintiff be awarded all past and future maintenance and cure to which he is entitled.

2. Plaintiff be awarded special and general damages and any other damages allowable under the general maritime law or the Jones Act against Defendants in a sum in excess of Eleven Million Dollars ($11,000,000), in an amount to be more fully determined at trial.

3. Plaintiff be awarded attorney's fees, prejudgment interest, post-judgment interest, costs, and any other relief in law or equity to which Plaintiff is shown to be entitled.

DATED this 20th day of April, 2026.

TRUEB BERNE & BEARD, LLP
Attorneys for Plaintiff

By: s/ Zach Berne
Zach Berne, ABA #1311098

TRUEB BERNE & BEARD, LLP
330 L STREET, SUITE 101
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

Compl. for Maritime Personal Injuries
*Jackson v. Elegance & F/V Hukilau Vessel LLC*